(C. D. 787)

L. C. Kramer Co. et al. *v*. United States

United States Customs Court, Second Division

(Decided June 30, 1943)

*Philip Stein* for the plaintiffs.

*Paul P. Rao*, Assistant Attorney General (*James F. Donnelly* and *Richard E. FitzGibbon*, special attorneys), for the defendant.

Before Tilson and Kincheloe, Judges; Lawrence, J., not participating

Tilson, Judge: The suits listed in schedule A, hereto attached and made a part hereof, were filed by the plaintiffs seeking to recover certain sums of money alleged to have been illegally exacted as customs duties upon an importation of castings of malleable iron for heel and other plates for boots and shoes. Duty was levied on the merchandise at 45 per centum ad valorem under paragraph 397 of the act of 1930, as articles not specially provided for, composed wholly or in chief value of iron, steel, or other metal, not plated with platinum, gold, or silver, or colored with gold lacquer, whether wholly or partly manufactured. The plaintiffs claim the same to be properly dutiable at only 10 per centum ad valorem under paragraph 327 of said act, as amended by the trade agreement with the United Kingdom, T. D. 49753, which provided for "Castings of malleable iron for heel and other plates for boots and shoes."

At the trial of the case a sample of the imported merchandise was admitted in evidence and marked exhibit 1, and illustrative samples, together with one of the nails used in attaching these plates to the

heel, were admitted in evidence and properly marked. Counsel for the Government at the trial made the following concession:

I can stipulate that the metal of which the article is composed was obtained by a casting operation or process. * * *. And that it consists of malleable iron.

The evidence shows that the only use for this merchandise is to attach to the heel of a boot or shoe, which causes the heel to wear down evenly. Counsel for the defendant, in his brief filed herein, referring to exhibit 1, states:

From an examination of the same, it appears that it is a somewhat elliptical piece of steel or iron with a small flange having five holes for the insertion of nails. The flange is fastened to the heel of the boot or shoe, by nails through the five holes. Besides the five holes, there are three larger holes which are, however, filled up with pieces of leather. The testimony of Mr. McAllister shows that the nails are also driven through the leather and into the heel of the shoe.

With reference to the leather plugs in the three holes, the witness testified that the head of the nail wears down rapidly, and if it were not for this leather plug there would be a clicking noise with each step and the plate would work loose, but with this leather plate it is firm enough so that there is no clicking noise, the plate is held firmly at all times. The witness also testified that the plate could be used without the leather plugs for the same purpose as with the leather plugs, that there is no particular use for the plugs except to make the plate more secure; these plugs are not essential to a suitable use of the merchandise, "It is just that it does hold the plug in better place with it in there," * * * "but it could be made without it; in fact, I have seen plates made to this without the plug."

Counsel for the defendant, in his brief, contends that the articles herein, before the addition of the leather plugs, were castings of malleable iron for heelplates, but upon being further manufactured by the addition of the leather, they are no longer castings of malleable iron for heelplates, but are the finished heelplates themselves, and in support of this contention quotes the following from United States v. Sutherland International Despatch, 21 C. C. P. A. 264:

So in the case at bar, exhibit 1 shows the articles to be something more than brass channels. The brass channel forming a part of said article has been subjected to a manufacturing process. The testimony shows that the articles have been dedicated to a single use, and have no other use than in rectangular windows of marine craft, a use disclosed by the record to be different from the use to which brass channels without a further manufacturing process are put.

In arriving at the above conclusion our appellate court stated that:

We further think that this case is controlled in principle by our decision in the case of United States v. Strauss & Buegeleisen, 20 C. C. P. A. (Customs) 378, T. D. 46184, and cases therein cited.

We also quote the following from the Strauss case, supra:

Our view, therefore, is that the court below erred in sustaining appellee's claim under said paragraph 219, and that the imported goods were properly classifiable

under said paragraph 230, unless more specifically provided for in some other paragraph of the act, not put in issue here. The classification made by the collector, although erroneous, must stand, because of the failure of the appellee to make a proper claim.

In the *Sutherland* case, *supra*, the appellate court made the further observation with reference to the facts of that case:

As a matter of fact, it appears from the testimony in the case at bar that the processing of the brass channels by the addition of felt in the manner described created a new article, viz, "silent window channels," and was dedicated solely to a use different than the use of the brass channels not so processed. That the use of these articles is different than the use of brass channels is shown by the testimony of appellee's witness, wherein he stated that in order to use brass channels for marine windows it would be necessary to process them further by placing felt in them.

In the instant case the placing of the leather plugs in the three holes in the imported merchandise did not create any new article, and neither did this dedicate the merchandise to a use different than the use of articles without these leather plugs. The only witness in this case testified that the imported merchandise was used solely to place on the heels of boots and shoes to make them wear down evenly whether it contained the leather plugs or whether it did not contain the leather plugs. In both cases the use to which the imported merchandise was put was the same: The facts in the instant case are so different from the facts in the *Sutherland* case, *supra*, that instead of supporting the contention of the defendant they support the contention of the plaintiffs.

The provision in the said trade agreement is not for "Castings of malleable iron," but for "Castings of malleable iron for heel and other plates for boots and shoes." Although this provision does not specify "heel plates" *eo nomine*, nevertheless the language used is such that it could refer to nothing other than heelplates and other plates for boots and shoes of malleable iron castings, and this is true whether or not they contain leather plugs. We see no force in the contention that while the imported merchandise, prior to the time the leather plugs were placed therein, was "Castings of malleable iron for heel and other plates for boots and shoes," but that by the placing of the leather plugs therein the merchandise was converted into a completely finished article, to wit: "Heel plates," and is therefore not covered by the provisions of the said trade agreement. Prior to the application of the leather plugs the imported merchandise was dedicated to the sole use as heelplates, and after the leather plugs were placed in the three holes it was still dedicated to the same sole exclusive use, and no new article was created thereby.

On the facts established, for the reasons stated, and following the authorities cited and quoted, we hold the items of merchandise on the invoices covered by said suits which were assessed with duty at

45 per centum ad valorem under paragraph 397 of the act of 1930 to be properly dutiable at only 10 per centum ad valorem under paragraph 327 of said act and the United Kingdom trade agreement, T. D. 49753, as alleged by the plaintiffs.

To the extent indicated the specified claim in said suits is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.